BANK OF VIOLA, Plaintiff-Appellant, *v.* DONALD NESTRICK, Defendant-Appellee.

Third District   No. 78-227

Opinion filed May 31, 1979.

Dwight L. Shoemaker, of Conway and Shoemaker, of Aledo, for appellant.

Ronald C. Taber, of Collinson, Taber & Darrow, Ltd., of Milan, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This case arises out of an appeal from a bench trial in the Circuit Court of Mercer County. The plaintiff, Bank of Viola, filed suit to recover the balance due on a certain promissory note executed by the defendant, Donald Nestrick. The note in question was executed on May 7, 1975, with a principal sum of $15,884.54 and a stated rate of interest of eight percent per annum. The note recites that the funds were advanced for the purpose of renewal, and in fact the evidence adduced at trial reveals that this note is but one in a series of notes executed by the defendant to secure an uninterrupted line of credit which began in August of 1971. The defendant in sworn testimony concedes subscribing to the note in the following manner:

"Liberty Advertizer [*sic*]
Donald E. Nestrick"

The trial court did not determine nor are we asked on appeal to determine the effect of this signature in what purports to be a representative capacity.

The Liberty Advertiser was a weekly advertising paper that was published in Aledo, Illinois. Defendant's precise relationship with the Liberty Advertiser is a matter of some dispute, but it is clear that defendant

executed the note in question in the manner previously set forth, as well as those notes which preceded it. In pertinent part, the note reads:

"For value received, the undersigned promises to pay to the Order of Bank of Viola, Viola, Illinois, the principal sum of $15,884.54 payable in installments or as follows: Or payable $80.00 per week from Jack & Jill contract with interest at the rate of 8.00 per cent per annum from date until paid." (Underlined segments handwritten in original.)

The Jack & Jill contract referenced in the instrument was identified at trial as a contract entered into by the Aledo Jack & Jill store for advertising space in the Liberty Advertiser. In his answer the defendant affirmatively asserts that the proceeds of the advertising contract with the Aledo Jack & Jill store are the sole source of funds to which the plaintiff can look for satisfaction of the note in question.

After a full hearing on the merits and at the conclusion of all testimony, the circuit court made the following findings:

"1. The note was a conditional note to be paid from a particular fund.

2. Even though the note was conditional, it was fully paid if the payments made by Jack & Jill store were properly credited to the note. It is therefore ordered that judgment is hereby awarded to the Defendant and against the plaintiff."

Plaintiff appeals from this decision arguing in part that there is insufficient evidence in the record to warrant a finding that the note was conditional. We agree.

■■ A promissory note is conditional if it is to be paid only from a particular fund. In the instant case, if the note in question was a conditional note, it was fully paid if the payments made by the Jack & Jill store were properly credited to the note. In short, if the note is conditional, the plaintiff bank has no recourse against the defendant Nestrick on his personal liability.

■ There is considerable discussion in the case law as to whether a note or draft is conditional. Most of the case law hinges on the question of negotiability. In the case *sub judice*, negotiability is not an issue. Rather, the issue is collectability. Nevertheless, the same legal test applies. The statutory standard for determining whether a note is conditional is set forth in section 3—105(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—105(2)(b)). Therein it states:

"(2) A promise or order is not unconditional if the instrument

\* \* \*

(b) states that it is to be paid only out of a particular fund or source \* \* \*."

The drafters of this statutory section advise that the test set forth is merely a re-statement of prior law. (Ill. Ann. Stat., ch. 26, par. 3—105, Illinois

Code Comment, at 30 (Smith-Hurd 1973).) An excellent discussion of that prior law, the Uniform Negotiable Instruments Act, is set forth by the supreme court of Alabama in *Rhodes v. Schofield* (1955), 263 Ala. 256, 261, 82 So. 2d 236, 240:

> "* * * [i]t has been generally said * * * that an unqualified promise to pay is unconditional although coupled with 'an indication of a particular fund out of which reimbursement is to be made'; also that a 'promise to pay out of a particular fund is not unconditional'. The distinction between those two principals is not very clear. It is said in 7 *Am. Jur. 854*, Section 119: 'the Court seemed to have experienced some difficulty in determining whether particular instruments *require* payment to be made out of a particular fund. The true test in every case under the Uniform Act as well as the common law is whether the *general credit* of the maker or drawee accompanies the instrument. If it does, the instrument is negotiable [unconditional], otherwise it is not. [Citations.] *The wording of the particular instrument is not determinative of the question, but the intention of the parties as disclosed by the surrounding circumstances must also be considered.* In this connection, it is to be borne in mind that the negotiability of bills and notes is favored in law, and whenever the promise can be held unconditional without doing violence to the ordinary meaning of the language used, it will be so held.' "

Thus, because current law merely restates prior rules, a promise will be held unconditional whenever it is possible to do so without doing violence to the ordinary meaning of the language used.

The current statute provides that a promise is not unconditional if the instrument states that it is to be paid *only* out of a particular fund or source. This is in accord with prior law. In the Washington case of *First National Bank v. Sullivan* (1911), 66 Wash. 365, 119 P. 820, the court held that an instrument to be negotiable must contain an unconditional promise to pay; but an unqualified order to pay was unconditional even though coupled with an indication of a particular fund out of which reimbursement was to be made. The same court held that a promise to pay *only* out of a particular fund was not unconditional. Similarly, the Florida court in *Wright v. Board of Public Instruction* (Fla. 1955), 77 So.2d 435, 437, held that "a provision for payment from a certain source, in the absence of language *limiting* payment to that source alone, does not constitute a mandatory restriction on the source of payment and does not render the [instruments] non-negotiable if they are issued as general obligations of the maker." The court went on to determine that if the instrument reads "shall be payable out of a certain fund" and not if it reads "shall only be payable out of a certain fund," the restriction is merely advisory. The Kansas court is in accord.

In *First National Bank v. Lightner* (1906), 74 Kan. 736, 739, 88 P. 59, 60, that court said:

> "The law is well settled that a bill or note is not negotiable if made payable out of a particular fund [citations]. But a distinction is recognized where the instrument is simply chargeable to a particular account. In such a case it is beyond question negotiable; payment is not made to depend upon the sufficiency of the fund mentioned, and it is mentioned only for the purpose of informing the drawee as to his means of reimbursement."

These cases consistently hold that the mere indication of a particular account, fund or source from which reimbursement is expected does not render an instrument conditional. Rather, reimbursement must be explicitly limited to a particular account, fund or source with such restrictive terms as "only," "exclusively," or "solely." The Illinois courts are in accord with this view of prior law. In *Norlin v. Becker* (1908), 138 Ill. App. 488, the court held that because a note was payable "only" out of a special fund, it was a conditional note. While it is true that this court is not bound by those statements of intent made by the drafters of the current rule set forth in section 3—105, we find their comments that the current role is only a restatement of prior law highly persuasive; consequently, we find the previously cited cases equally persuasive.

Any doubts which we might harbor as to the propriety of applying the referenced cases to the current statutory test are resolved on reading the recent Florida decision of *Rothenberg v. Mellow Music, Inc.* (Fla. App. 1974), 291 So. 2d 234. In *Rothenberg* the Florida court, interpreting the same uniform act currently in effect in Illinois, emphasized that the key word was "only" when applying the test for conditional instruments. We agree with the emphasis supplied by the Florida court, in that it is entirely consistent with prior law and with the intent of the drafters of the current law.

Negotiability is favored in the law. (*Rhodes v. Schofield.*) It follows that construing an instrument as unconditional is favored in the law. An instrument may be unconditional which indicates a particular account or fund or source from which reimbursement is expected. (Ill. Rev. Stat. 1973, ch. 26, par. 3—105(1)(f).) A line of judicial precedents unbroken through this century requires words of explicit limitation before an instrument is said to be payable only out of a particular account, fund or source. Those words of explicit limitation are absent here. It does no violence to the statute or to the ordinary language of the instrument to conclude that this note is unconditional.

As set forth earlier, the mere wording of an instrument is not determinative of the issue. (*Rhodes v. Schofield.*) Rather, the intention of the parties as disclosed by the surrounding circumstances must be considered, and the language of the instrument is but one of many

probative elements considered in determining the intention which require the conclusion that this instrument was not conditional, but an unconditional promise to pay backed by the general credit of the maker. The face amount of the note was $15,884.54, and the handwritten portion provides that it is payable $80 per week from the Jack & Jill contract. Further, the note recites a due date of May 7, 1976. The court takes judicial notice of the fact that the year from the date of execution, May 7, 1975, until the due date, May 7, 1976, was but 52 weeks in length. Thus the maximum payment that could be paid before the due date would be $4,160. This amount is less than half the face amount of the note, to say nothing of interest which might accrue. Absent an extraordinary philanthropic motive on the part of the plaintiff bank, this arithmetic mandates the conclusion that the parties intended that the general credit of the defendant-maker would provide the means for payment when the balance of the note became due on May 7, 1976.

We cannot affirm the decision below, resting tenuously as it does on such an extraordinary motive, unless confronted with more convincing evidence than we find in the record before us now.

Because we agree with plaintiff, for the reasons set forth above, that the decision of the trial court holding the note conditional is not supported by the evidence, it is necessary to reverse that decision. However, the trial court's original order made no findings as to other affirmative defenses included in defendant's pleadings. The state of the record does not disclose whether defendant, relying on those defenses alone, might again prevail. Thus, while reversing the decision of the court below as erroneous for finding the instrument in question a conditional note, we must also remand the case for further determination as to the merits of the remaining affirmative defenses included in the pleadings.

Finally, in an effort to aid the circuit court upon remand and with the hope of forestalling a subsequent appeal, we deem it wise to briefly discuss the parol evidence issue which was brought to the attention of this court in the briefs of counsel. The parol evidence rule is set forth in section 2—202 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 2—202). In each of those instances where plaintiff raised the parol evidence issue during the trial court proceedings, we believe that the trial court judge correctly applied the rule and overruled the objection.

In light of the views expressed herein, we reverse the decision below and remand this cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.