BANK OF VIOLA, Plaintiff-Appellee, *v.* DONALD NESTRICK,
Defendant-Appellant.

Third District    No. 80-389

Opinion filed March 25, 1981.

Craig E. Collins, of Barash & Stoerzbach, of Galesburg, for appellant.

Dwight L. Shoemaker, of Conway & Shoemaker, of Aledo, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, Donald Nestrick, appeals from the denials of his petition to set aside an order of default and denial of his motion to vacate judgment by default. A default judgment had been entered by the circuit court in favor of the plaintiff, Bank of Viola (hereinafter Bank). The question on appeal is whether the court erred in not vacating the default judgment and thereby permitting Nestrick to proceed with a defense on the merits. An examination into the background of the case, which has been before us previously *(Bank of Viola v. Nestrick* (1979), 72 Ill. App.

3d 276, 390 N.E.2d 636), is necessary to an understanding of the issue raised on this appeal.

The Bank filed suit to recover the balance due on a promissory note executed by Donald Nestrick. The note, executed in 1975, was for a principal sum of $15,884.54, plus eight percent *per annum* interest. A trial was held, and the circuit court found that the note was a conditional note to be repaid from a particular fund. The court also found that crediting payments from that fund toward the note resulted in the complete repayment of the note. (See 72 Ill. App. 3d 276, 277.) Accordingly, the circuit court entered judgment for the defendant, Nestrick. The Bank appealed that decision, and we reversed. (72 Ill. App. 3d 276.) We found insufficient support in the record for the court's conclusion that the note was conditional. We remanded for further proceedings on the merits because no determination had been made on certain of Nestrick's other affirmative defenses. (72 Ill. App. 3d 276, 280.) Our opinion in that case was filed on May 31, 1979. The mandate in the case was filed in the circuit court on July 30, 1979.

Prior to the time that the mandate was filed in the circuit court, that is, prior to the time that the case was reinstated in the circuit court and while this court still retained jurisdiction over the case, certain actions were taken by the circuit court with respect to the case. In June 1979, the circuit court entertained a motion by defense counsel to withdraw as counsel for the defendant. Hearing was held on June 25, 1979, and the court entered its order granting the motion to withdraw. On July 3, 1979, the Bank filed a notice of hearing to schedule a trial date and requested a hearing thereon on July 18, 1979. The notice of hearing was served on Nestrick. On July 18, 1979, a hearing was held, without the defendant being present, at which time the court set September 12, 1979, as the date for the trial on the merits. Nestrick had, on July 7, 1979, apparently in response to the notice sent by the Bank, sent a letter to the court in which he requested that no further hearings be held in the case until after October 15, 1979. In requesting what was, in effect, a continuance, the letter gave as reasons a scheduled surgery date in August with September therapy, private difficulties in obtaining counsel, and an intention to file a countersuit. The letter was filed in the case as of July 11, 1979.

Nothing further was received from the defendant after the hearing on July 18, 1979, at which a court trial was set for September 12, 1979. On July 30, 1979, 12 days after the court had set a trial date, the mandate from this court was filed with the circuit court, remanding the cause for further proceedings. That the circuit court had proceeded with the withdrawal motion and with the motion to set a trial date at a time prior to the return of the mandate was apparently the result of clerical error. Someone in the clerk's office at the circuit court docketed the reception of the opinion as

the filing of the mandate. The opinion in the case was received on June 14, 1979. As already noted, the mandate was not filed until July 30, 1979.

Nothing whatsoever was done either by the court or by the Bank's counsel with respect to the actions taken by the court during the time it was without jurisdiction in the matter. Instead, the cause was called for hearing on the merits on September 12, 1979, which date had been set by the trial court on July 18, 1979, at the Bank's request. Nestrick did not appear at the trial on September 12, 1979, and a default judgment was entered against him. A copy of the judgment was mailed to him on September 21, 1979, receipt of which he acknowledged. Thereafter, on October 15, 1979, 33 days after entry of the default judgment, Nestrick filed a *pro se* petition to set aside the default and judgment order that had been entered on September 12, 1979. On December 17, 1979, after securing counsel, defendant Nestrick filed a supplemental motion to set aside the judgment of default, which motion was supported by affidavit. In that motion he alleged due diligence in his defense in this matter and asserted factual matters in support thereof. Nestrick alleged that he had made a telephone call to inform the Bank's counsel that he could not appear on September 12, 1979, the day of the trial, because of surgery scheduled for that date. Nestrick, in his motion, further pleaded that his letter to the court in early July requested a continuance until October 15, 1979. Finally, he alleged that he had made efforts to file his *pro se* petition within the required 30 days, but that he had been thwarted in those attempts through no fault of his own. All of these matters were supported by affidavit and were offered to support Nestrick's claim of due diligence. Nestrick also alleged the existence of a meritorious defense.

The Bank responded to the motion to vacate judgment by counter-affidavit, denying any phone call by Nestrick to them, and by motion to strike the petition and motion to set aside and vacate the judgment. The trial court denied the motion to strike the section 72 pleadings (Ill. Rev. Stat. 1979, ch. 110, par. 72), and a hearing was held. After considering the matter, the trial court entered its order denying Nestrick the relief requested. The court, in its order, recited the previous history of the case, including the notices sent to Nestrick between June and July 30, 1979, in finding that Nestrick had failed to show due diligence. The court indicated that Nestrick ought to have telephoned the clerk's office or the presiding judge to request the continuance. In addition to finding a lack of due diligence, the court also indicated that there was considerable doubt about the existence of any meritorious defense.

From the denial of his petition to set aside the default judgment Nestrick appeals. We reverse and remand for a new trial on the merits.

■■ Reversal is required because crucial matters were decided by the circuit court in this case at a time when it had no jurisdiction over the case.

The appellant Nestrick asserts the court's lack of authority to set a trial date as the first issue on appeal. There is no dispute or question that the circuit court lost jurisdiction over the case when the notice of appeal was filed from the first judgment in favor of Nestrick. As noted in *Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 545, 334 N.E.2d 288:

> "It is undisputed that upon filing a notice of appeal, the circuit court is divested of jurisdiction to enter any order involving a matter of substance, and the jurisdiction of the appellate court attaches instanter."

The jurisdiction of the circuit court is not revived unless the case is remanded to it by the appellate court. In those cases, when the mandate of an appellate court, remanding a cause, is filed in the circuit court, jurisdiction is again vested in the circuit court. (*Kuhlman v. Cotter* (1968), 92 Ill. App. 2d 475, 480, 234 N.E.2d 815.) Prior to the filing of the mandate, the circuit court has no jurisdiction in the case, absent special circumstances not present here. The proper procedure for reinstating a case after remandment from an appellate court is set forth in Supreme Court Rule 369(c):

> "When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days notice to the adverse party." 73 Ill. 2d R. 369(c).

■■ ■ In the case at bar, significant matters affecting the case were decided by the trial court during a time when it had no jurisdiction over the case. Counsel for the defendant, who had represented him in the first trial, was permitted to withdraw from the case by order of the court entered when it had no jurisdiction over the case. A hearing to set a trial date was held at a time when the court had no jurisdiction over the case. After the hearing, the court set the cause for trial on the merits at a time when the court had no jurisdiction over the case. All of these actions were taken prior to the time that the mandate of this court in the first appeal was filed with the circuit court. That the defendant had notice of the court's action does not in any way affect the basic and controlling fact, that the court had no jurisdiction to decide the matters it did. A court's actions, taken when it has no jurisdiction over a case, have no effect and are null and void. The parties cannot, by agreement, acquiescence, or otherwise, reinvest jurisdiction in the trial court when jurisdiction lies in the appellate court. It is the filing of the mandate from the appellate court in the circuit court that reinvests jurisdiction in the circuit court.

■■ ■ The Bank, in seeking to uphold the court below, gives little attention to the actions taken by the circuit court when it was without jurisdiction, and instead focuses upon September 12, 1979, the date of the scheduled trial and the day default was entered by the trial court. The

Bank argues that the court had jurisdiction at that time and thus is sufficient to uphold its decision. Even assuming, for the moment, that the court did have jurisdiction on September 12, nevertheless it remains a fact that the September 12 trial date was set by a trial court which was without jurisdiction to hear the motion or to enter an order setting a trial date. The court's action in setting a trial date is void, as we have previously determined. That the mandate was returned prior to September 12 and jurisdiction thereby invested in the circuit court is not as significant in the case as the fact that crucial matters affecting the case and the trial date had been decided by the court when it had no jurisdiction over the case. Furthermore, while the court had jurisdiction on September 12, by reason of the filing of the mandate on July 30, 1979, the record is devoid of any notice of reinstatement to defendant Nestrick *after* the filing of the mandate in the circuit court on July 30, 1979. Nor is their any notice of reinstatement prior to that date. Notice of reinstatement is required by Supreme Court Rule 369, previously set forth. The notice of trial date sent to the defendant, and received before the filing of the mandate when the court had no jurisdiction, does not satisfy the notice requirements of Rule 369. Contrary to a curious suggestion in the Bank's brief, we think that Rule 369 contemplates that notice is to be given after the mandate is filed, and not sometime before. It would be difficult, if not impossible in most cases, to send notice of reinstatement prior to the time the mandate is received, since it is the filing of the mandate which reinvests the circuit court with jurisdiction, thereby permitting reinstatement. (Notice sent prior to reinvestiture of jurisdiction in the circuit court is not effective.) We note as well that there is no showing in the record that the defendant Nestrick, after the filing of the mandate, waived the notice requirement of Rule 369 or acquiesced in proceeding to trial on the merits on September 12, 1979. The record indicates the contrary, that Nestrick did not want to go to trial on September 12 because of his lack of counsel and a complicating surgical matter, as noted in this opinion. Absent a showing in the record that notice of reinstatement was sent or that such notice had been waived, the court should not have proceeded to take any action in the case. *People v. Conway* (1913), 261 Ill. 26, 103 N.E. 620; Ill. Rev. Stat. 1979, ch. 110A, par. 369.

This is not, as the Bank would suggest, a case wherein a minor and technical matter, the result of clerical error, thwarts a just and equitable result. The error in this case, though the result of clerical error initially, is neither minor nor technical. The error is that the circuit court set a trial date and permitted defense counsel to withdraw at a time when it had no jurisdiction to do either. The error is that the case proceeded to trial after reinvestiture of jurisdiction without the Bank complying with the notice requirements of Rule 369.

For the foregoing reasons, the default judgment entered by the circuit court of Mercer County is reversed and vacated, and the cause is again remanded to the circuit court, for further proceedings consistent with the views expressed in this opinion. Defendant is entitled to a trial on the merits.

Reversed and remanded.

SCOTT, P. J., and BARRY, J., concur.