BURYL WHEATLEY, Plaintiff-Respondent, v. INTERNATIONAL HAR-
VESTER COMPANY, Defendant-Petitioner.

Fifth District   No. 5—87—0112

Opinion filed February 19, 1988.

Louis A. Lehr, Jr., Arthur L. Klein, and John T. Wagener, all of Arn-
stein, Gluck, Lehr & Milligan, of Chicago, Robert W. Wilson, of Evans &
Dixon, of Edwardsville, and William E. McDaniels and Carolyn H. Williams,
both of Williams & Connolly, of Washington, D.C. (Kevin E. Condron and
John A. Rupp, of counsel), for appellant.

Hopkins & Bilbrey, P.C., of Granite City (John J. Hopkins, of counsel), for appellee.

JUSTICE KARNS delivered the opinion of the court:

International Harvester Co. (n/k/a Navistar International Transportation Corp.) (hereinafter IH) appeals from an order of the circuit court of Madison County denying its motion for a change of venue or in the alternative to dismiss the complaint. We reverse.

Plaintiff, Buryl Wheatley, was involved in a single-vehicle accident in New York City on February 28, 1983. The truck he was driving was manufactured by IH. IH had sold the truck to Ryder Truck Rental, Inc. (Ryder), and Ryder had leased the truck to National Starch and Chemical Corp. (NS), which in turn contracted with Global Leasing, Inc. (Global), for labor. Global was the one which hired plaintiff as a truck driver.

Plaintiff filed his first action based on the New York City accident in Madison County against IH, Ryder and NS on March 7, 1983 (*Wheatley* I). In this suit, plaintiff alleged several theories of recovery sounding in strict products liability and negligence. All three defendants filed timely motions for a change of venue. On September 21, 1984, the circuit court denied all three motions, finding that Ryder was "doing business" in Madison County. This order was later vacated. On December 4, 1984, the court again denied the motions for a change of venue. No reasons were given for the ruling. IH appealed the trial court's decision to this court. We concluded that the trial court erred in holding that Ryder did business in Madison County. In an unpublished order dated July 1, 1985 (*Wheatley v. International Harvester Co.* (1985), 133 Ill. App. 3d 1165 (unpublished Rule 23 order), we reversed the circuit court's order and remanded the cause for further proceedings.

Prior to our mandate reaching the circuit court, plaintiff moved for voluntary dismissal. The circuit court entered an order on July 12 granting plaintiff's motion to dismiss *Wheatley* I without prejudice. Our mandate subsequently was filed in the circuit court on August 23, 1985. On September 30, plaintiff filed the instant action (*Wheatley* II), again in Madison County. The complaint in *Wheatley* II is virtually identical to that of *Wheatley* I. NS filed a motion to transfer venue and IH filed a motion to dismiss, or in the alternative, to transfer venue. Ryder did not file a motion to transfer venue but rather filed an answer to the *Wheatley* II complaint admitting that it was doing business in Madison County. The trial court denied IH's motion without stating any reason for its ruling. It is this order from which IH appeals.

■■ ■ It is axiomatic that once a notice of appeal is filed with a reviewing court, the lower court loses jurisdiction over that particular case. (See, *e.g., Bank of Viola v. Nestrick* (1981), 94 Ill. App. 3d 511, 514, 418 N.E.2d 515, 518; *Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 545, 334 N.E.2d 288, 291.) Jurisdiction in the lower court is not revived unless the case is remanded to it by the reviewing court and only after the mandate of the reviewing court is filed in the lower court. (See *Bank of Viola*, 94 Ill. App. 3d at 514, 418 N.E.2d at 518.) In other words, prior to the filing of the mandate, the lower court has no jurisdiction. (*Bank of Viola*, 94 Ill. App. 3d at 514, 418 N.E.2d at 518. See also *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304, 427 N.E.2d 563, 569.) Any actions taken by a court when it has no jurisdiction are null and void. (*Bank of Viola*, 94 Ill. App. 3d at 514, 418 N.E.2d at 519.) Applying these principles to the record before us, we necessarily conclude that the dismissal of *Wheatley* I without prejudice was null and void. Therefore, with *Wheatley* I still pending, *Wheatley* II should have been dismissed in its entirety.

■■ The trial court also erred in not following the directives of our mandate. Quite clearly the trial court was bound by our determination in *Wheatley* I that Ryder was not doing business, for purposes of venue, in Madison County. (See *Bradley v. Howard Hembrough Volkswagen, Inc.* (1980), 89 Ill. App. 3d 121, 124, 411 N.E.2d 535, 537.) This question of venue as to Ryder could not be litigated again. The trial court was to take only such further action which conformed to our judgment. (See *PSL Realty*, 86 Ill. 2d at 305, 427 N.E.2d at 570; *Zokoych v. Spalding* (1980), 84 Ill. App. 3d 661, 666, 405 N.E.2d 1220, 1225.) Because we did not reach the question of venue as to IH or NS, this was the only issue that possibly could have been relitigated. (See *Zokoych*, 84 Ill. App. 3d at 667, 405 N.E.2d at 1226.) Otherwise, the trial court's sole duty was to determine where proper venue existed.

■■ Proper venue is an important privilege which any defendant has the right to insist on (see *Blakey v. Commonwealth Edison Co.* (1977), 52 Ill. App. 3d 454, 456, 367 N.E.2d 529, 531) and which only that defendant can waive (see *Hines v. Dresser Industries, Inc.* (1985), 137 Ill. App. 3d 7, 11, 484 N.E.2d 401, 405). Plaintiff cannot avoid this privilege by dismissing his first suit once an adverse decision has been rendered on the matter of venue and refiling it in the same county. See *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 66, 387 N.E.2d 831, 839.

As a final note, because of our disposition of this appeal, we need not address IH's motion to strike the appendix to plaintiff's brief

taken with the case.

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County with respect to the failure to grant IH's motion to dismiss *Wheatley* II. We further order the court to proceed with *Wheatley* I, first, to determine where proper venue is to be had and second, to transfer the cause accordingly.

Reversed with directions.

WELCH and LEWIS, JJ., concur.