**Richard H. GOLDBERG, Plaintiff,**

v.

**XORCO, LTD., a Georgia corporation; Donald H. Bergman; William B. Cohan; and David M. Jacobs, Defendants.**

**No. 88 C 176.**

United States District Court,
N.D. Illinois, E.D.

June 19, 1989.

---

Robert R. Tepper, David Todd Brown and Glenn E. Heilizer, Rosenthal and Schanfield, Chicago, Ill., for plaintiff.

William T. Huyck, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

Richard Goldberg is suing Xorco, Ltd., for payment on a promissory note. The note provides that Xorco will pay Mr. Goldberg $30,500 within 90 days. If payment is not made, interest will accrue at a rate of 12% per annum for up to 180 days; after that time, Xorco will be in default, and interest will accrue at a rate of 18% per annum. Xorco failed to make payment within 180 days. On the same day that it executed the note, Xorco also executed an escrow agreement, providing that "all sums due and payable under the promissory note described herein shall be paid from the above-described escrow together and simultaneous with the first payments of

any nature disbursed from the escrow." Xorco defaulted on the note. As its defense, Xorco claims that the escrow agreement modified the note, making payment of it conditional upon the existence of the escrow fund, a condition that has not yet occurred. Mr. Goldberg raises two issues which he claims entitle him to summary judgment: first, that the note and escrow agreement were not part of the same transaction, and second, that even if they were, the escrow agreement did not change Xorco's unconditional promise to pay on the note. The court grants Mr. Goldberg's motion for summary judgment.

■ Section 3–119 of the Uniform Commercial Code provides:

(1) As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as part of the same transaction. . . .

Whether or not two instruments are part of the same transaction depends upon the instruments themselves and the intentions of the parties. The intentions of the parties should be divined from the surrounding circumstances. *Bank of Viola v. Nestrick*, 72 Ill.App.3d 276, 28 Ill.Dec. 469, 471, 390 N.E.2d 636, 638 (3d Dist.1979). Whether documents are part of the same transaction is a question of fact. *Main Bank of Chicago v. Baker*, 88 Ill.App.3d 28, 43 Ill.Dec. 681, 687, 410 N.E.2d 681, 687 (1st Dist. 1980), aff'd in relevant part, 86 Ill.2d 188, 56 Ill.Dec. 14, 427 N.E.2d 94 (1981). The two documents here were executed at the same time, between the same parties, regarding the same subject matter. Furthermore, Mr. Goldberg testified at his deposition that the separate documents "came as a package." Goldberg Dep., p. 10. Xorco has presented sufficient evidence to demonstrate that a question of fact exists as to whether or not the note and the escrow agreement were "part of the same transaction." U.C.C. 3–119(1).

■ However, it makes no difference how this factual issue is ultimately resolved. Even if the escrow agreement is read with the note, "[t]here is still room for construction of the writing as not intended to affect the instrument at all." UCC § 3–119, Comment 3. Construction of this sort is a question for the court. *Main Bank of Chicago*, 43 Ill.Dec. at 687, 410 N.E. at 687. The court observes initially that whether a note is conditional is usually a question of negotiability. In this case, the question is one of collectability. The same legal test applies to both. *Bank of Viola v. Nestrick*, 28 Ill.Dec. at 471, 390 N.E.2d at 638. This escrow agreement does not change the unconditional nature of this note. The note makes no reference to the escrow agreement, and the escrow agreement itself merely states that the note "shall be paid" out of that fund. In order to interpret the note as conditional, restrictive language such as "only," "exclusively," or "solely" would have to be used in the escrow agreement. *Bank of Viola*, 28 Ill.Dec. at 472, 390 N.E.2d at 639. Merely indicating the account to be charged to pay off the note does not make the note conditional. *Main Bank of Chicago*, 56 Ill.Dec. at 19, 427 N.E.2d at 99.

There is thus no material issue of fact that Xorco has defaulted on its unconditional promissory note to Mr. Goldberg, and the court therefore grants Mr. Goldberg summary judgment.