PEOPLE v. HENRY, JASON - rec'd 03/02/01

(text box: 1) NO. 5-98-0421

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Madison County.  

)

v. ) No. 97-CF-152

)

JASON HENRY, ) Honorable

) David R. Herndon, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

The case against Jason Henry (defendant) began in juvenile court in Madison County, where defendant was charged, on September 3, 1996, with 
involuntary manslaughter for having struck the victim, Curtis Hurlbut, in the face, causing him to fall and strike his head on a concrete sidewalk, thereby causing his death.  Defendant, represented by the public defender, pleaded guilty to the charge, and on October 30, 1996, he was committed to the juvenile division of the Department of Corrections for an indeterminate period.  Such a period normally ends on the defendant’s 19
th
 birthday.  As part of the plea agreement, the State agreed not to file any proceedings to transfer the case to the adult criminal system.  At the time defendant was charged, he was 16 years of age, having been born December 14, 1979.

On November 13, 1996, then represented by retained counsel, Thomas Hildebrand, defendant filed a motion to withdraw his guilty plea.  The motion was granted by order of court dated December 31, 1996.  

On January 8, 1997, the State filed a motion to certify defendant as an adult pursuant to section 5-4 of the Juvenile Court Act of 1987 (705 ILCS 405/5-4 (West 1996)), which would permit his prosecution as an adult under the criminal laws of the state.  The motion was granted by order filed January 22, 1997.  Defendant’s motion to reconsider and vacate the order transferring the cause to criminal court was apparently denied.  

On January 24, 1997, defendant was charged by information filed in the circuit court of Madison County with the offense of involuntary manslaughter.  Defendant continued to be represented by attorney Thomas Hildebrand.  On February 6, 1997, defendant was indicted for the involuntary manslaughter of Curtis Hurlbut.  On March 9, 1998, one day before defendant’s criminal trial was to commence, the State sought and obtained leave to file an amended information adding a second count, aggravated battery, to the charge.  Defendant did not object.  Count II alleged that defendant committed aggravated battery in that he committed a battery on a public way, being the public sidewalk, by striking Curtis Hurlbut in the face, in violation of section 12-4(b)(8) of the Criminal Code of 1961 (720 ILCS 5/12-4(b)(8) (West 1996)).  

Defendant’s jury trial began on March 10, 1998.  At the request of defendant, the jury was instructed not only on aggravated battery and involuntary manslaughter but also on the lesser-included offense of misdemeanor battery.  After deliberating for five hours, the jury informed the trial court that it was "hung."  The jury was instructed to continue deliberations.  Thereafter, the jury indicated that it had signed verdicts on two of the counts but that it remained deadlocked on the other count.  The jury was instructed to continue deliberations.  The jury thereafter sent a note to the court indicating that it was still having problems, and further instructions were then given.  Finally, the jury returned to the courtroom and submitted signed verdict forms of guilty of aggravated battery and guilty of misdemeanor battery.  It submitted no signed verdict form on the offense of involuntary manslaughter.  The foreman indicated that the jury simply could not reach a unanimous verdict on that count.  The trial court accepted the verdicts and discharged the jury.  

On March 20, 1998, the trial court filed a docketing statement in which it declared a mistrial on the charge of involuntary manslaughter, due to the jury’s inability to reach a verdict.  The court accepted the verdict of guilty of aggravated battery.  

On May 28, 1998, after denying defendant’s posttrial motion, the trial court sentenced defendant to a five-year term of imprisonment on his conviction for aggravated battery.  Judgement was entered on June 1, 1998.  Defendant filed his notice of appeal, and the Office of the State Appellate Defender was appointed to represent him.  The record on appeal was filed in this court on September 8, 1998.  

While this appeal was pending and despite an order appointing the Office of the State Appellate Defender as counsel for the allegedly indigent defendant, defendant appeared in the circuit court with attorney Hildebrand on January 4, 1999.  Defendant entered into a plea agreement with the State on charges in a separate case, number 97-CF-229, as well as on the charges that had already been adjudicated in the case at bar.  In case number 97-CF-229, defendant had been charged with unlawful possession of cannabis and unlawful possession of a controlled substance.  Pursuant to the agreement, the charge of unlawful possession of cannabis was dismissed by the State, and defendant pleaded guilty to the charge of unlawful possession of a controlled substance and received a sentence of imprisonment of three years, to run concurrently with the sentences imposed in the instant case.  As to the charges involved in the instant case, defendant pleaded guilty to both aggravated battery and involuntary manslaughter and received a sentence of imprisonment of four years on each, to run concurrently.  Defendant agreed to withdraw his appeal in the instant case.  Defendant was given credit for all time already served, 553 days.  Accordingly, defendant had approximately 82 days left to serve on his prison sentences.  A written order confirming the plea agreement was entered that same date, January 4, 1999.  

On February 17, 2000, the State filed a motion in this court to supplement the record on appeal with the trial court’s order of January 4, 1999, confirming the plea agreement, and the State also filed a motion to dismiss defendant’s appeal in accordance with that plea agreement.  Defendant objected.  On March 7, 2000, the State was ordered by this court to file a report of proceedings of the hearing on the plea agreement, and the motion to supplement the record and motion to dismiss, along with defendant’s objections, were ordered to be taken with the case.  Both parties filed supplemental briefs on appeal addressing the motions to supplement and dismiss and the objections thereto.  We shall now address these preliminary matters.

Illinois Supreme Court Rule 366(a)(3) gives this court the discretionary power to permit the record on appeal to be amended by adding matters that should have been included.  155 Ill. 2d R. 366(a)(3).  Accordingly, we grant the State’s motion to supplement the record on appeal with the report of proceedings of the guilty plea hearing held January 4, 1999, and the order entered thereon.  

However, we deny the State’s motion to dismiss this appeal, a motion that, in effect, asks us to enforce the plea agreement entered into by defendant at the hearing of January 4, 1999.  We refuse to do so because we find that, at least with respect to the charges at issue in the case at bar, the plea agreement proceedings and order entered thereon are void 
ab initio
 because the trial court lacked subject matter jurisdiction.  

It is axiomatic that once a notice of appeal is filed with a reviewing court, the lower court loses jurisdiction over that particular case.  
Wheatley v. International Harvester Co.
, 166 Ill. App. 3d 775, 777 (1988); 
Daley v. Laurie
, 106 Ill. 2d 33, 37 (1985).  After the filing of the notice of appeal, the lower court has no jurisdiction, and any actions taken by a court when it has no jurisdiction are null and void.  
Wheatley
, 166 Ill. App. 3d at 777; 
In re Gonder
, 149 Ill. App. 3d 627, 628 (1986).  Appellate jurisdiction attaches 
instanter
, and the trial court may not enter orders changing or modifying a judgment or its scope or interfering with the review of the judgment.  
City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc.
, 302 Ill. App. 3d 564, 569 (1998), 
appeal allowed
, 184 Ill. 2d 554 (1999).  Jurisdiction in the lower court is not revived unless the case is remanded to it by the reviewing court and only after the mandate of the reviewing court is filed in the lower court.  
Wheatley
, 166 Ill. App. 3d at 777. 

Although the trial court does retain jurisdiction to dismiss the appeal until the record on appeal is filed in the reviewing court, even that power is lost once the record on appeal is filed.  See 134 Ill. 2d R. 309.  Once the record on appeal is filed in the reviewing court, only the reviewing court may dismiss the appeal.
  
Comfort v. Wheaton Family Practice
, 229 Ill. App. 3d 828, 835 (1992); 
Mt. Vernon Girl Scout Council v. Girl Scouts of United States of America
, 55 Ill. App. 2d 443, 448 (1965).

That defendant had notice of the trial court’s action does not in any way affect the basic and controlling fact that the court had no jurisdiction over, and no authority to act with respect to, this cause.  See 
Bank of Viola v. Nestrick
, 94 Ill. App. 3d 511, 514 (1981).   A court’s actions taken when it has no jurisdiction over a case have no effect and are null and void.  
Nestrick
, 94 Ill. App. 3d at 514.  Lack of subject matter jurisdiction cannot be waived, nor may a party be deemed estopped to raise the issue.  
Cahoon v. Alton Packaging Corp.
, 148 Ill. App. 3d 480, 482 (1986).  The parties cannot, by agreement, acquiescence, or otherwise, revest jurisdiction in the trial court when jurisdiction lies in the appellate court.  
Nestrick
, 94 Ill. App. 3d at 514; see also 
People v. Foster
, 309 Ill. App. 3d 1, 7-8 (1999).  It is the filing of the mandate from the appellate court in the circuit court that revests jurisdiction in the circuit court.  
Nestrick
, 94 Ill. App. 3d at 514. 

Nevertheless, relying on 
People v. Hubbard
, 170 Ill. App. 3d 572, 576 (1988), and 
People v. Kaeding
, 98 Ill. 2d 237, 240-41 (1983), the State argues that the parties can revest a trial court with subject matter jurisdiction after it has been lost.  In 
Hubbard
 and 
Kaeding
, the parties sought review 
in the trial court
 of the trial court’s previous order, but they failed to file a posttrial motion within the 30-day period following the final judgment.  Those cases held that the parties could revest the trial court with subject matter jurisdiction to hear the untimely posttrial motion if all parties actively participate without objection in proceedings that are inconsistent with the merits of the prior judgment.  

We find that those cases presented quite a different circumstance than that presented in the case at bar.  Those cases involved only revesting the trial court with jurisdiction that it had lost.  The instant case involves 
divesting
 this court of jurisdiction that it has obtained.  In the case at bar, the State argues that not only have the parties revested jurisdiction in the trial court by participating in the plea agreement proceedings but they have also 
divested
 the appellate court of jurisdiction by so acting.  We do not agree.  Not only did the trial court lose jurisdiction over this cause upon the filing of the notice of appeal, but jurisdiction over this cause attached 
instanter
 in the appellate court.  See 
City of Chicago Heights
, 302 Ill. App. 3d at 569.  The parties cannot divest the appellate court of jurisdiction over this appeal by participating in proceedings in the trial court that affect or modify the judgment appealed from or that interfere with our review of that judgment.  See 
People v. Bounds
, 182 Ill. 2d 1, 3 (1998); 
People v. Foster
, 309 Ill. App. 3d 1, 7-8 (1999); 
City of Chicago Heights
, 302 Ill. App. 3d at 569.
 
  

Finally, the State argues that because the trial court had declared a mistrial on the charge of involuntary manslaughter and because defendant could have been retried on that charge, the trial court retained jurisdiction at least over that charge and that, therefore, the plea agreement as to that charge was not without jurisdiction and is not null and void.  Again, we do not agree.  Defendant could not have been retried on the charge of involuntary manslaughter.  To have done so would have violated defendant’s constitutional protection against double jeopardy for two reasons:  (1) defendant was convicted and sentenced by the trial court for aggravated battery, and the rule of "one act-one crime" would prevent a conviction and sentence on the involuntary manslaughter charge, and (2) where the jury found defendant guilty of aggravated battery but remained silent on the charge of involuntary manslaughter and the trial court accepted the guilty verdict and discharged the jury, the jury’s silence on the charge of involuntary manslaughter is deemed to be an acquittal of that charge. 

Defendant committed a single act, that of striking the victim in the face with his hand.  For this single act, he was charged with two separate and distinct offenses: aggravated battery on a public way and involuntary manslaughter.  While there is no prohibition against simultaneous prosecutions for more than one crime carved from a single physical act (see 
People v. Tripp
, 208 Ill. App. 3d 1006, 1011 (1991)), a defendant cannot be convicted and sentenced for more than one crime carved from a single physical act.  
Tripp
, 208 Ill. App. 3d at 1011.  If multiple convictions are entered for those crimes, judgment and sentence may only be entered on the most serious offense.  
Tripp
, 208 Ill. App. 3d at 1011.  Where two separate judgments and sentences are entered for two convictions based upon a single physical act, one of the judgments and sentences must be vacated.  
Tripp
, 208 Ill. App. 3d at 1011.  Because defendant was convicted of aggravated battery and was sentenced for that offense, he could not thereafter be reprosecuted for the offense of involuntary manslaughter, an offense based on the same physical act as the aggravated battery.
(footnote: 1) 

Furthermore, when a verdict on less than all the counts is accepted by the trial court and the jury is discharged, the jury’s silence as to other counts is treated as an acquittal on those counts for purposes of double jeopardy.  
People v. Conley
, 187 Ill. App. 3d 234, 238 (1989).  Accordingly, defendant could not have been retried on the charge of involuntary manslaughter, and the trial court did not retain jurisdiction over this cause for that purpose. 

We conclude that the guilty plea proceedings before the trial court, held January 4, 1999, and the order entered thereon were and are, with respect to the charges at issue in this case, null and void.  Accordingly, we will not enforce that void plea agreement by granting the State’s motion to dismiss this appeal based on that agreement.  We proceed now to the merits of this appeal.

At the close of all the evidence in defendant’s criminal trial, defense counsel moved for a directed verdict on the charge of aggravated battery on a public way.  Defendant argued that the evidence did not support a finding that the battery was committed on or about a public way, as required by the statute.  See 720 ILCS 5/12-4(b)(8) (West 1996).  After lengthy argument by both parties about the meaning of "on or about a public way," the court declared:

"[A]s to Count II, clearly, based on the evidence of the two eyewitnesses, *** I don’t believe we have any evidence that he was on or about a public sidewalk, in that he was just simply up in the yard when this happened.  So I am going to grant the directed verdict as to Count II.  Anything else while we are still on the record?"

The prosecutor immediately asked for leave to "appeal that ruling and let it go up."  A discussion ensued as to whether such an interlocutory appeal would result in a mistrial on the other charges.  The prosecutor indicated that was up to defendant but stated, "I intend to appeal it and would notify the Court that I intend to appeal that."  More discussion was held about severing the counts, and defense counsel asked for a short recess to confer with his client.  After a recess, defense counsel indicated to the trial court that he believed that the directed verdict was not appealable as it constituted an acquittal.  Defense counsel stated that, nevertheless, if the prosecutor persisted in his desire to appeal, defendant would seek a mistrial of the other charges.  The prosecutor then asked the trial court to reserve its ruling on the motion for directed verdict until he could get into the library over the lunch hour.  The court responded:  "Yes, reconsidering the arguments of counsel, the Court will vacate its previous Order.  The Court will reserve the ruling on the Motion for Directed Verdict relative to Count II."  Defense counsel did not object.  

After a further recess and a jury-instruction conference and based upon case law presented to him by the prosecutor, the trial court denied defendant’s motion for directed verdict on the charge of aggravated battery on a public way, finding that the issue of whether the battery did occur on or about a public way should go to the jury.  The charge was submitted to the jury, which found defendant guilty.

Defendant did not object to the trial court’s vacation of the directed verdict or its submitting the charge of aggravated battery to the jury, nor did defendant raise the issue in his posttrial motion.  Accordingly, it may be deemed waived for purposes of appeal.  See 
People v. Enoch
, 122 Ill. 2d 176, 186 (1988).  Nevertheless, the waiver rule is a limitation on the parties and not on this court.  
People v. Williams
, 188 Ill. 2d 293, 301 (1999).  Supreme Court Rule 615(a) allows us to review plain error that affects substantial rights even where it was not brought to the attention of the trial court. 134 Ill. 2d R. 615(a).  The double jeopardy prohibition is a substantial right.  
People v. Levan
, 285 Ill. App. 3d 347, 349 (1996).  Substantial justice requires that defendant not be placed in jeopardy twice for the same crime, and such an infringement on defendant’s rights can be raised for the first time on appeal.  See 
In re L. R.
, 106 Ill. App. 3d 244, 247 (1982);
 
People v. Gallas
, 77 Ill. App. 2d 132, 141 (1966); see also 
Williams
, 188 Ill. 2d at 301.

Where a criminal defendant has been acquitted of an offense, to thereafter continue the prosecution for that offense violates the prohibitions against double jeopardy.  
Williams
, 188 Ill. 2d at 300.  A judgment of acquittal triggers double jeopardy protection when it actually represents a resolution, correct or not, as to some or all of the factual elements of the offense charged.  
Williams
, 188 Ill. 2d at 300.  A directed verdict in favor of defendant is an acquittal for double jeopardy purposes when it is based on the insufficiency of the evidence.  
Williams
, 188 Ill. 2d at 300.  This rule pertains regardless of whether the grant of the directed verdict was based upon a mistake of fact or law.  
Williams
, 188 Ill. 2d at 300.  Thus, the reconsideration and vacation of an order directing a verdict of not guilty exposes a criminal defendant to further proceedings for resolving the factual elements of the offense, in violation of double jeopardy principles.  
Williams
, 188 Ill. 2d at 301.  

In the case at bar, if the trial court directed a verdict in favor of defendant based on the insufficiency of the State’s evidence, then its reconsideration and vacation of that directed verdict of acquittal and its submission of the charge of aggravated battery to the jury violated defendant’s right not to be twice put in jeopardy for the same offense.  We find that in the case at bar the trial court did, unequivocally, grant a directed verdict of acquittal in defendant’s favor on the charge of aggravated battery.  Accordingly, defendant could not be further prosecuted on the charge, and the trial court erred in submitting that charge to the jury. 

This case is not like 
People v. Williams
, 188 Ill. 2d 293, 301 (1999), which the State cites in support of its argument.  In 
Williams
, the trial court did not actually grant the defendant’s motion for directed verdict but, rather, reserved ruling on the motion until the State could present legal authority.  In the same breath with which the trial court indicated that it would grant the defendant’s motion for directed verdict, and without interruption by counsel or by recess, the trial judge also indicated that she was not ready to rule on the motion and indicated that she would accept the submission of legal authority.  The parties at no time understood or proceeded as if the trial court had, in fact, granted the defendant’s motion for directed verdict.  When it ultimately denied the motion, the trial court did not indicate that it was reconsidering or vacating the grant of a directed verdict.  

In the case at bar, the trial court clearly and unequivocally granted defendant’s motion for directed verdict based on the insufficiency of the evidence to prove that the battery occurred on or about a public way.  It matters not whether the trial court’s ruling was correct or incorrect as a matter of law.  See 
Williams
, 188 Ill. 2d at 300.  The prosecutor immediately understood that the trial court had granted a directed verdict in favor of defendant and indicated that he was going to appeal the ruling.  Had the trial court’s ruling been equivocal, the prosecutor would have continued his argument on the motion; instead, the prosecutor indicated his intention to appeal.  Both attorneys then proceeded to argue about whether the appeal would result in a mistrial of the other charges.  A recess was taken, after which the trial court "vacated" the directed verdict and reserved its ruling on defendant’s motion.  Both parties, as well as the trial judge, understood that the court had, in fact, granted a directed verdict of acquittal.  Once granted, that verdict could not be reconsidered or vacated, and defendant could not be prosecuted further on the charge.  See 
Williams
, 188 Ill. 2d at 301.

The instant case is more akin to
 
People v. Brown
, 227 Ill. App. 3d 795 (1992), and 
People v. Stout
, 108 Ill. App. 3d 96 (1982), distinguished by the supreme court in 
Williams
, 188 Ill. 2d 293 (1999)
.  In 
Brown
 and 
Stout
, the trial courts actually granted the defendants’ motions for directed verdict and subsequently reconsidered, withdrew, or vacated those rulings.  The same is true in the case at bar.  See also
 People v. Strong
, 129 Ill. App. 3d 427 (1984); 
In re R. K. K.
, 112 Ill. App. 3d 982 (1983);
 In re L. R.
, 106 Ill. App. 3d 244 (1982); 
People v. Hutchinson
, 26 Ill. App. 3d 368 (1975).

Because in the instant case the trial court did, in fact, enter a directed verdict of acquittal in favor of defendant, it could not thereafter reconsider, withdraw, or vacate that acquittal and submit the charge of aggravated battery to the jury.  Doing so violated defendant’s right not to be twice put in jeopardy for the same offense.  Accordingly, we vacate defendant’s conviction and sentence for aggravated battery and hereby enter a judgment of acquittal on that charge.  See 155 Ill. 2d R. 366(a)(5).

Defendant also asks us to vacate his conviction for misdemeanor battery on the ground that the charge was not raised until after the expiration of the statute of limitations and because defendant himself did not explicitly consent to that charge being submitted to the jury.  Defendant’s conviction for battery cannot stand, but for a reason not raised by defendant:  the acquittal of defendant by the trial court of the greater offense of aggravated battery constitutes, for double jeopardy purposes, the acquittal on any lesser-included offenses that could have been charged but were not.  It is elementary that the acquittal of a defendant on a charge for an offense which includes lesser offenses operates also as an acquittal, and as a bar to any subsequent prosecution, of all included lesser offenses of which he might have been convicted on the charge of the higher offense.  
People v. Harrison
, 395 Ill. 463, 466 (1946).  Section 3-4(b) of the Criminal Code of 1961 (720 ILCS 5/3-4(b) (West 1998)) bars the prosecution of a defendant on a lesser-included offense after an acquittal on the greater offense.  This section prohibits a subsequent prosecution where the defendant is charged with only the greater offense and the trier of fact acquits him of that offense, remaining silent as to all lesser-included offenses.  
People v. Jenkins
, 41 Ill. App. 3d 392, 393 (1976).  Battery is a lesser-included offense of aggravated battery.  See 720 ILCS 5/12-4 (West 1998).  The State did not charge defendant with battery, although it could have.  In light of the trier of fact’s acquittal of defendant on the greater offense of aggravated battery, a trial on the lesser-included, but uncharged, offense of battery was barred.  Accordingly, defendant’s conviction for misdemeanor battery cannot stand.
(footnote: 2)  We enter a judgment of acquittal on that charge.

Defendant next asks us to enter a judgment of acquittal on the charge of involuntary manslaughter because the jury’s silence on that charge, coupled with the trial court’s acceptance of the guilty verdict on the charge of aggravated battery and its discharge of the jury, is deemed to be an acquittal of the involuntary manslaughter charge.  For the reasons set forth previously in this opinion and by virtue of the power granted us by Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we hereby enter a judgment of acquittal on the charge of involuntary manslaughter.

Finally, defendant argues that the charge of aggravated battery was not properly transferred from the juvenile court to adult criminal court and that, therefore, defendant could not properly be sentenced on that charge in adult criminal court.  He asks us to remand this cause for resentencing in juvenile court.  The State concedes the error and agrees that the cause should be remanded for resentencing in the juvenile court.  However, in light of our vacation of defendant’s conviction of aggravated battery and our entry of a judgment of acquittal, resentencing is unnecessary.

In summary, we grant the State’s motion to supplement the record with the transcript of proceedings of January 4, 1999, and order entered that date.  We deny the State’s motion to dismiss this appeal.  We vacate defendant’s conviction and sentence for aggravated battery and enter a judgment of acquittal on that charge.  We enter a judgment of acquittal on the charge of battery.  We also enter a judgment of acquittal on the charge of involuntary manslaughter.

Vacated; judgments entered.  

MAAG and KUEHN, JJ., concur.

NO. 5-98-0421

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Madison County.  

)

v. ) No. 97-CF-152

)

JASON HENRY, ) Honorable

) David R. Herndon, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: March 14, 2001

___________________________________________________________________________

Justices
: Honorable Thomas M. Welch, J.

Honorable Gordon E. Maag, J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________

Attorneys
 Daniel M. Kirwan, Deputy Defender, Robert S. Burke, Assistant

for
 Defender, Office of the State Appellate Defender, Fifth Judicial

Appellant
 District, Route 15 East, P. O. Box 2430, Mt. Vernon, IL  62864-0047

___________________________________________________________________________

Attorneys
 Honorable William Haine, State's Attorney, Administration Building,

for
 157 North Main Street, Edwardsville, IL  62025; Norbert J. Goetten, 

Appellee
 Director, Stephen E. Norris, Deputy Director, James R. Benson, Contract

Attorney, State's Attorneys Appellate Prosecutor, Route 15 East, 

P. O. Box  2249, Mt. Vernon, IL  62864

___________________________________________________________________________

FOOTNOTES
1:
Aggravated battery and involuntary manslaughter are both class 3 felonies.  See 720 ILCS 5/12-4(e), 9-3(d)(1) (West 1996).  The mental state that is an element of involuntary manslaughter, recklessness, involves less criminal liability than the mental state prescribed for aggravated battery, knowledge.  See 
People v. Higgins
, 86 Ill. App. 2d 202, 208 (1967).  When more than one offense arises from the same physical act, a judgment of conviction and sentence should be imposed on the more serious offense, in this case, aggravated battery.  
People v. Burrage
, 269 Ill. App. 3d 67, 73 (1994).

2:
We note in passing that battery is not a lesser-included offense of involuntary manslaughter, the other charge faced by defendant, because battery requires a more culpable mental state, that of knowledge or intent, than does involuntary manslaughter, which requires only recklessness.  See 
People v. Higgins
, 86 Ill. App. 2d 202, 206 (1967).

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 03/14/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.