JESSIE BUTLER, Plaintiff-Appellee, v. THE STATE BOARD OF ELEC-
TIONS, Defendant-Appellant (Cook County Clerk, Defendant).

First District (5th Division)   No. 1—88—0670

Opinion filed September 15, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Karen Michels
Caille, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE COCCIA delivered the opinion of the court:

Defendant, the Illinois State Board of Elections (Board), appeals from an order entered by the circuit court, directing the Board to certify the plaintiff, Jessie Butler, as a Democratic candidate for the State senate in the March 15, 1988, primary election. We have concluded that the case is moot; accordingly, we dismiss this appeal.

On February 1, 1988, Butler filed his complaint for writ of *mandamus*, declaratory judgment, and injunctive relief. Butler alleged therein that he filed nominating petitions with the Board to run in the Democratic primary for two offices: State senator and State representative. On December 21, 1987, he withdrew his petitions for State representative. The Board notified him, on December 28, 1987, that his name would not be printed on the primary ballot for either office, as he failed to withdraw from one of the two incompatible offices within five days following the last day for petition filing, contrary to the Election Code. (See Ill. Rev. Stat. 1985, ch. 46, par. 8—9(3).) The Board's offices were open on Saturday, December 19, 1987, five days after the last day for petition filing. The Board consequently held that Butler's withdrawal was untimely, since he did not withdraw until December 21. Butler alleged that he had no knowledge that the Board's offices were open on the Saturday in question, so his withdrawal was not untimely. Accordingly, he requested that the circuit court order the Board to certify him as a candidate for the State senate.

On February 2, 1988, the relief Butler sought was denied by the circuit court. He appealed and we took the case on an expedited basis. Our opinion, in which we remanded the cause to the circuit court for the taking of additional evidence, was issued on February 26, 1988. (*Butler v. State Board of Elections* (1988), 167 Ill. App. 3d 35, 520 N.E.2d 1051.) That same day, Butler requested, and the circuit court held, an emergency hearing. At the hearing, the Board objected on the grounds that the circuit court had no jurisdiction, as our mandate had yet to issue. Indeed, the mandate did not issue until March 14, 1988. Nevertheless, the circuit court ruled in Butler's favor, ordering the Board to certify him as a candidate for the State senate. From this ruling, the Board appeals.

On appeal, the Board argues that the circuit court's actions upon remand were void because it ruled before our mandate issued; thus, the Board concludes, the circuit court lacked jurisdiction. The Board concedes, however, that this case is technically moot, since the election has been held and since Butler lost that election. Nonetheless,

the Board contends that the case falls within the public interest exception to the mootness doctrine. Consequently, the Board asks that we rule upon the merits of several issues: first, whether Butler's lawsuit was barred by sovereign immunity; second, whether the circuit court erred in ruling that the Board lacked jurisdiction to determine that Butler's withdrawal from an incompatible office was untimely; and, finally, whether the Board properly calculated the deadline for Butler's withdrawal from one of two incompatible office primaries.

## I

██ ██ The Board is correct in arguing that the circuit court's order of February 26, 1988, is void. In general, the circuit court loses jurisdiction when the notice of appeal is filed. (See *Bank of Viola v. Nestrick* (1981), 94 Ill. App. 3d 511, 514, 418 N.E.2d 515, 518.) The mandate of a reviewing court is the transmittal of its judgment to the circuit court, which revests the latter with jurisdiction. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304-05, 427 N.E.2d 563, 569.) Supreme Court Rule 368(a) provides that the reviewing court's mandate shall be transmitted to the circuit court no earlier than 21 days after the entry of judgment, unless the reviewing court orders otherwise. (107 Ill. 2d R. 368(a).) Prior to the mandate's transmittal, the circuit court has no jurisdiction. (See *Nestrick*, 94 Ill. App. 3d at 514, 418 N.E.2d at 518.) If the circuit court attempts to act after the notice of appeal is filed, but before the reviewing court's mandate is returned, such actions are void. *In re Gonder* (1986), 149 Ill. App. 3d 627, 628, 500 N.E.2d 1004, 1005.

As noted above, our opinion was filed on February 26, 1988, but the mandate was not returned until March 14, 1988. Therefore, the circuit court's order of February 26, 1988, is void, for it was entered before that court regained jurisdiction.

## II

While we accept the Board's argument regarding the validity of the order appealed from, it has not persuaded us that we should reach the merits of a technically moot appeal from a void order.

██ The leading Illinois case on the public interest exception to the mootness doctrine is *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769. In *Labrenz*, Justice Schaefer identified three criteria which justify the retention, rather than the dismissal, of an otherwise moot case: first, the question presented is public in nature, rather than private; second, an authoritative determination for the future guidance of public officers is desirable; and third, the question

will likely recur in the future. (See *Labrenz*, 411 Ill. at 622, 104 N.E.2d at 772.) Later cases have applied the exception narrowly. (See, e.g., *City of Chicago v. Leviton* (1985), 137 Ill. App. 3d 126, 129, 484 N.E.2d 438, 440.) If all three factors are not present, the appeal should be dismissed. (*In re Johnson* (1977), 53 Ill. App. 3d 921, 925, 369 N.E.2d 70, 73.) Moreover, the fact that one party may be a public entity is not sufficient, in and of itself, to justify a reviewing court's retention of an otherwise moot appeal. *Johnson v. Board of Education* (1967), 79 Ill. App. 2d 22, 25, 223 N.E.2d 434, 436.

■ In our case, the third factor identified by Justice Schaefer is not present. That is, the questions presented are not likely to recur. In order for their recurrence to be likely, we would be required to assume that a future candidate shall seek nomination for two incompatible offices, that he file supporting petitions for both offices, that he attempt to withdraw one set of petitions on the last day permitted by law, that the last day be a Saturday, that the Board be open for business on that day, that the Board construe the attempted withdrawal as invalid, that he challenge the Board's decision, that the election be held before the issues are litigated, and that the candidate lose the election. While the confluence of these circumstances is not impossible, we think them unlikely to occur again.

The Board apparently attempts to invoke a similar exception to the mootness doctrine, that fashioned for issues which are capable of repetition, yet which evade review. (See *In re A Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292.) This exception is limited to situations where, first, the challenged action is in its duration too short to be fully litigated prior to its cessation and, second, where there is a reasonable expectation that the same complaining party would be subject to the same action again. (*People v. Bailey* (1983), 116 Ill. App. 3d 259, 261-62, 452 N.E.2d 28, 30-31.) For the reasons given in our discussion of the public interest exception, we find it unreasonable to expect that similar circumstances will recur.

It is not merely the absence of the relevant criteria that leads us to refuse to apply the aforementioned exceptions to the mootness doctrine. In addition, ruling on the merits of a void order could create a dangerous procedural precedent. More importantly, we are faced with a case in which the appellee has not appeared, filed a brief, or argued. Like circumstances were present in *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 449 N.E.2d 856, and our supreme court dismissed that case on the grounds of mootness.

It must be remembered that the mootness doctrine exists to prevent the reviewing courts of this State from issuing advisory opinions.

(See *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76, 491 N.E.2d 1160, 1162.) Advisory opinions fly in the face of our tradition of adversary litigation. (*In re Estates of Rice* (1979), 77 Ill. App. 3d 641, 656-57, 396 N.E.2d 298, 310.) An early explication of the reasons which underlie the rule prohibiting advisory opinions can be found in volume 243 of the Illinois Reports, from the year 1909. At page nine, and following, a letter from Governor Deneen to Chief Justice Farmer is printed. The Governor requested the supreme court's assistance in drafting a primary election law that would not be unconstitutional. The chief justice's response is printed at page 14, and following. The court declined to render what would have been, in effect, an advisory opinion. The chief justice quoted Judge Story's remarks, at the Massachusetts constitutional convention of 1820, regarding the unwisdom of advisory opinions:

> "However great the talents of the judges, however extensive their learning, they are never safe in deciding without argument. *** The right of being heard and the practice of arguing all questions has more than anything else preserved the uniformity of the common law." 243 Ill. at 20-21.

In light of these sentiments, we decline to reach the merits of a technically moot appeal from a void order, without the benefit of argument from both parties. The Board stands to gain nothing from our review of the merits of the circuit court's order but precedent for future cases. In *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251, 384 N.E.2d 1309, 1311, the supreme court stated that when it becomes apparent that an opinion cannot affect the result as to the parties before it, a court should not resolve questions merely for the sake of setting a precedent to govern future actions. These considerations outweigh whatever public interest may be present in the issues raised by the Board. See *People ex rel. Hartigan v. Illinois Commerce Comm'n* (1985), 131 Ill. App. 3d 376, 380, 475 N.E.2d 635, 639.

For the reasons stated, this appeal is dismissed. Because we have not reached the merits of the questions presented, we do not pass upon the correctness of the judgment rendered by the circuit court. Thus, we vacate the circuit court's judgment without comment on the merits. See *George W. Kennedy Construction Co.*, 112 Ill. 2d at 78, 491 N.E.2d at 1163; see also *Dukes*, 96 Ill. 2d at 278, 449 N.E.2d at 858.

Judgment vacated; case dismissed.

MURRAY, P.J., and LORENZ, J., concur.