MARK R. STEPHENS, Petitioner-Appellant, v. THE EDUCATION OFFI-
CERS ELECTORAL BOARD, COMMUNITY COLLEGE DISTRICT No.
504, COOK COUNTY, *et al.*, Respondents-Appellees.

First District (2nd Division)   No. 1—91—3193

Opinion filed September 29, 1992.

Storino, Ramello & Durkin, of Rosemont (Michael K. Durkin, of coun-
sel), for appellant.

Kusper & Raucci, Chartered, of Chicago (Andrew M. Raucci, of coun-
sel), for appellees.

JUSTICE McCORMICK delivered the opinion of the court:

Respondent James V. Lorenzo filed two complete sets of nomination papers for the November 1991 election of members of the Board of Trustees for Community College District No. 504 (Board of Trustees). Petitioner Mark R. Stephens objected to Lorenzo's second set of nomination papers. Respondent Education Officers Electoral Board, Community College District No. 504, Cook County, Illinois (Electoral Board), granted Lorenzo's motion to strike and dismiss Stephens' objection. On petition for judicial review, the trial court sustained the decision of the Electoral Board. Stephens appeals. Because we find that Lorenzo's second set of nomination papers "added to" his first set in violation of section 10—4 of the Election Code (Ill. Rev. Stat. 1991, ch. 46, par. 10—4), we reverse.

On August 19, 1991, Lorenzo filed nomination papers for the office of trustee of Community College District No. 504 (the district). One week later he filed a second set of nomination papers which also presented Lorenzo as a candidate for trustee of that district. On August 28, 1991, the district held a lottery to determine ballot placement for the November 5, 1991, election of trustees, at which two candidates were to be elected to the board. The two candidates on the ballot who received the most votes would be elected as trustees.

Lorenzo received the eighth ballot spot based on his first set of nomination papers, and the fourteenth and final ballot spot based on his second set of papers. Stephens, who filed only one set of nomination papers, received the eleventh spot on the ballot.

On September 3, 1991, Stephens filed objections to Lorenzo's second set of papers with the Electoral Board, asking for a declaration that the second set of papers was void as surplusage. That same day, Lorenzo withdrew his first set of nomination papers. The Electoral Board held a hearing on Stephens' objections on September 7, 1991, and it granted Lorenzo's oral motions to strike and dismiss the objections by written order issued on the day of the hearing.

Stephens petitioned for judicial review of the Electoral Board's ruling. The trial court heard oral argument on the petition on October 3, 1991, and on that same day the court issued an order sustaining the Electoral Board's order. Stephens filed a notice of appeal the next day.

This court denied petitioner's motion for expedited appeal. On November 5, 1991, petitioner was elected to the Board of Trustees,

and Lorenzo lost his bid to become a trustee. Lorenzo filed no brief in opposition to Stephens' brief on this appeal. The Electoral Board asks us to dismiss the appeal as moot.

A case is moot if "no actual controversy exists or where events occur which render it impossible for the court to grant effectual relief." (*People v. Lynn* (1984), 102 Ill. 2d 267, 272, 464 N.E.2d 1031.) Since Stephens has been elected to serve as trustee, and Lorenzo has been defeated, there does not appear to be any relief this court can grant which would have any effect on the controversy which precipitated this lawsuit.

However, this court has the power to decide a technically moot case if the issues presented are capable of repetition, yet evading review. *Butler v. State Board of Elections* (1989), 188 Ill. App. 3d 1098, 545 N.E.2d 165.

"This exception is limited to situations where, first, the challenged action is in its duration too short to be fully litigated prior to its cessation and, second, where there is a reasonable expectation that the same complaining party would be subject to the same action again." *Butler*, 188 Ill. App. 3d at 1101.

■■ Since the time between the deadline for filing nomination petitions and the election here was 10 weeks, as prescribed by statute (Ill. Rev. Stat. 1991, ch. 46, par. 10—6), the time for challenging the action of filing two complete sets of nomination papers is too short for full litigation of objections to that procedure before the election occurs. As Stephens is currently a trustee, he may well run again for the same office, and if any other candidate decides to file two sets of nomination papers when there are two vacancies on the board, Stephens would find himself in the same situation presented in this case. We note that in the November 5, 1991, election, a candidate other than Lorenzo obtained two ballot spots, possibly because he, like Lorenzo, filed two complete sets of nomination papers. We find that the issues in this case are capable of repetition, yet evading review, and thus we address the issues on the merits.

This court must defer to the Electoral Board's findings on disputed issues of fact, and such findings "will not be reversed or set aside unless they are against the manifest weight of the evidence." (*Williams v. Butler* (1976), 35 Ill. App. 3d 532, 538, 341 N.E.2d 394.) In this case there are no disputed issues of fact and the legal result of these facts is solely a question of law. " '[T]he scope of our review on questions of law is independent, not deferential.' " *Serwinski v. Board of Election Commissioners* (1987), 156 Ill. App.

3d 257, 261, 509 N.E.2d 509, quoting *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 567, 429 N.E.2d 1292.

Stephens argues that Lorenzo's second set of nomination papers was void because it was filed in violation of section 10—4 of the Election Code, which provides that "[a] petition [for nomination], when presented or filed, shall not be *** added to." (Ill. Rev. Stat. 1991, ch. 46, par. 10—4.) Article 10 of the Election Code applies only to minor political parties and independent candidates. (Ill. Rev. Stat. 1991, ch. 46, par. 10—1.) Article 7 of the Election Code, which applies to political parties which received too large a percentage of the vote to qualify as minor parties, contains a section parallel to section 10—4. Section 7—10 provides:

> "The [nominating] petitions, when filed, shall not be withdrawn or added to, and no signatures shall be revoked except by revocation filed in writing with the *** official with whom the petition is required to be filed ***." (Ill. Rev. Stat. 1991, ch. 46, par. 7—10.)

Section 10—4 states:

> "A [nominating] petition, when presented or filed, shall not be withdrawn, altered, or added to, and no signature shall be revoked except by revocation in writing presented or filed with the officers or officer with whom the petition is required to be presented or filed ***." Ill. Rev. Stat. 1991, ch. 46, par. 10—4.

Since section 10—4 of the Election Code contains language nearly identical to the language of section 7—10 of the same statute, we construe the sections to have similar meaning. See *Mirabella v. Retirement Board of County Employees' Annuity & Benefit Fund* (1990), 198 Ill. App. 3d 971, 974, 556 N.E.2d 686.

In *Anthony v. Butler* (1988), 166 Ill. App. 3d 575, 580, 519 N.E.2d 1193, the appellate court held:

> "[S]ection 7—10 does not permit a candidate to file multiple sets of nomination papers for the same office. To so construe the statute would render meaningless the provision's express terms that petitions 'shall not be withdrawn or added to.' " (166 Ill. App. 3d at 580, quoting Ill. Rev. Stat. 1985, ch. 46, par. 7—10.)

Following *Anthony*, we hold that section 10—4 prohibits candidates from filing multiple sets of nomination papers for a single office.

The Electoral Board argues that section 10—4 does not apply here because Lorenzo filed his two sets of nomination papers for two distinct offices as trustee. The Electoral Board contends that

section 10—7 of the Election Code permitted Lorenzo's multiple filings, as that section provides:

"If the name of the same person has been presented as a candidate for 2 or more offices which are incompatible so that the same person could not serve in more than one of such offices if elected, that person must withdraw as a candidate for all but one of such offices within the 5 business days following the last day for petition filing." Ill. Rev. Stat. 1991, ch. 46, par. 10—7.

We agree with the Electoral Board that this section implicitly permits a candidate to file two complete sets of nomination papers for two incompatible offices. The question, then, is whether the two positions on the Board of Trustees are "incompatible" offices within the meaning of section 10—7 of the Election Code.

" 'Incompatibility *** is present when the written law of a state specifically prohibits the occupant of either one of the offices in question from holding the other and, also, where the duties of either office are such that the holder of the office cannot in every instance, properly and fully, faithfully perform all the duties of the other office. ***' [*People ex rel. Myers v. Haas* (1908), 145 Ill. App. 283, 286-87.]
***

'Incompatibility of offices exists where there is a conflict in the duties of the offices, so that the performance of the duties of the one interferes with the performance of the duties of the other. They are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both.' [63 Am. Jur. 2d *Public Officers and Employees* sec. 73 (1972).]
***

'One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, and subject in some degree to the other's revisory power.' 63 Am. Jur. 2d *Public Officers and Employees* sec. 74 (1972)." *Rogers v. Village of Tinley Park* (1983), 116 Ill. App. 3d 437, 440-41, 451 N.E.2d 1324.

■ The two trustee positions present no such incompatibility: the duties of either office do not preclude its holder from "properly and fully, faithfully" performing the duties of the other; the functions of the two offices are not "inherently inconsistent and repugnant"; neither office is "subordinate to the other in some of its important and principal duties." These two offices are one and the same, both having the same official functions, and therefore, their duties cannot clash. Since the two offices for which Lorenzo applied are not incompatible, we hold that section 10—7 of the Election Code does not apply to this case.

Because we find that section 10—7 does not apply here, we need not address Stephens' argument that section 10—7 can never apply to validate multiple filings for nonpartisan elections.

Since the two offices of trustee are not incompatible, Lorenzo's filing of a second set of nomination papers for a position as trustee constituted an attempt to add to the nomination papers previously filed, in violation of section 10—4 of the Election Code. In this case, as in *Anthony*, the Electoral Board should have disregarded the second set of nomination papers as surplusage. *Anthony*, 166 Ill. App. 3d at 581-82.

The Electoral Board argues that this court must interpret the statute to favor Lorenzo's eligibility based on *Velazquez v. Soliz* (1986), 141 Ill. App. 3d 1024, 490 N.E.2d 1346. Since this court finds Lorenzo's second set of nomination papers void as surplusage, Lorenzo was ineligible because he voluntarily withdrew his first set of nomination papers, which was his only valid set of nomination papers. However, the Election Code specifically permits withdrawal from candidacy, although such withdrawal renders the candidate ineligible. (Ill. Rev. Stat. 1991, ch. 46, par. 10—7.) Lorenzo's voluntary withdrawal cannot serve to validate nomination papers which were void when filed.

Neither can this court's interpretation of section 10—4 unfairly surprise Lorenzo so as to violate his right to procedural due process. (See *Anderson v. Schneider* (1977), 67 Ill. 2d 165, 177, 365 N.E.2d 900.) The language of the Election Code itself gave Lorenzo reason to believe the courts would construe the statute to prohibit multiple filings, and this court's decision in *Anthony* provided further notice of the meaning of the statute.

We hold that the Electoral Board and the trial court misconstrued the Election Code when they found that the Code permitted a candidate to file two complete sets of nomination papers for two positions on the Board of Trustees, where the two positions had

identical duties and functions, and both positions were to be filled at a single election by the two candidates on the ballot who received the highest and second highest vote totals. We reverse the Electoral Board's decision dismissing Stephens' objections to Lorenzo's second set of nomination papers.

Reversed.

HARTMAN, P.J., and DiVITO, J., concur.