GLORIA REYES, Petitioner-Appellant, v. BLOOMINGDALE TOWNSHIP ELECTORAL BOARD *et al.*, Respondents-Appellees.

Second District    No. 2—93—0347

Opinion filed August 19, 1994.—Supplemental opinion filed September 15, 1994.

Paul A. Lewis and Lisa M. Nyuli, both of Law Offices of Paul A. Lewis, P.C., of Aurora, for appellant.

John H. Brechin, of Law Offices of John H. Brechin, and Phillip A. Luetkehans, of Schirott & Luetkehans, P.C., both of Itasca, and Mathias W. Delort, of Odelson & Sterk, Ltd., of Evergreen Park, for appellees.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Gloria Reyes (the candidate), appeals the order of the circuit court of Du Page County, denying her petition for judicial review of the actions of the respondent, Bloomingdale Township Electoral Board (the Board). On February 8, 1993, the candidate petitioned for nomination as an independent candidate for the office of township supervisor on the ballot of the regular election to be held on April 20, 1993. On February 12, 1993, respondent Phyllis Stapinski (the objector) filed an objection to the candidate's nominating papers.

The Board conducted a hearing on the objection on February 20,

1993. During this hearing, the Board allowed the objector to amend her objection after the candidate had rested her case. After the close of the evidence, the Board examined the signature cards of the registered voters and consulted with counsel. The Board reconvened on February 22, 1993, and *sua sponte* reopened the proofs as to 12 signatures. After examining the additional signatures, the Board rendered its decision, finding invalid 206 of the 886 signatures presented by the candidate. Because the number of valid signatures required for placement on the ballot was 685, the Board denied the candidate a place on the ballot for lack of five signatures.

The candidate petitioned for judicial review on March 2, 1993. She initially pointed out a mathematical error, as the number of signatures removed did not coincide with the record of the proceedings. The objector conceded this point as to two signatures, leaving the petition three signatures short of ballot eligibility. The trial court heard the arguments on the petition for review on March 22, 1993. The court denied the petition, finding without elaboration that the ruling of the Board was "consistent with the manifest weight of the evidence." This timely appeal followed.

Initially, we address the respondents' motion to dismiss this appeal on the ground of mootness. We ordered this motion to be taken with the case and briefed by the parties. A case is moot where no actual controversy exists or where it has become impossible for a court to grant effective relief. *Stephens v. Education Officers Electoral Board, Community College District No. 504* (1992), 236 Ill. App. 3d 159, 161.

The Board contends that the occurrence of the election on April 20, 1993, renders this case moot, because the court can no longer grant effective relief. The candidate argues that the case should be excepted from the mootness doctrine, because the issues involved are capable of repetition and evasive of review. She also argues that because the court can order a special election, the case is not moot.

●1 A court may resolve an otherwise moot issue if the issue involves a substantial public interest. (*Bonaguro v. County Officers Electoral Board* (1994), 158 Ill. 2d 391, 395.) This public interest exception requires a clear showing that (1) the question is public in nature; (2) an authoritative determination is desirable for the guidance of public officers; and (3) the question will likely recur. *Bonaguro*, 158 Ill. 2d at 395; *In re A Minor* (1989), 127 Ill. 2d 247, 257.

●2 The present case meets this test. First, ballot access is a substantial right and not lightly to be denied. (*Welch v. Johnson* (1992), 147 Ill. 2d 40, 56.) Second, electoral boards are creatures of statute (Election Code) (10 ILCS 5/1—1 *et seq.* (West 1992)), endowed

with no power beyond what the Election Code (the Code) enumerates. (*Kozel v. State Board of Elections* (1988), 126 Ill. 2d 58, 68; *Maske v. Kane County Officers Electoral Board* (1992), 234 Ill. App. 3d 508, 510.) Case law interpreting the Code with respect to the issues presented here is sparse, and election boards dispose of similar issues inconsistently. (See Ross v. Phillip (Circuit Court Du Page County), No. 92—MR—36; Objection to Petition of Oury (Du Page County Officers Electoral Board), March 25, 1991, unnumbered.) Thus, an authoritative determination is desirable.

Finally, this inconsistency among electoral boards, coupled with the frequency of objections to nominating petitions, demonstrates that these issues are capable of repetition. We therefore deny respondents' motion to dismiss the appeal and address the merits under the public interest exception to the mootness doctrine.

The candidate contends that the Board erred in (1) allowing the objector to amend her objection to add new objectionable signatures; (2) striking 38 signatures because the notary date preceded the signature dates; and (3) striking 23 signatures for penmanship. Judicial review of the decision of an electoral board is intended to remedy arbitrary or unsupported decisions. (*Keating v. Iozzo* (1987), 155 Ill. App. 3d 774, 776.) Decisions as to questions of fact will not be disturbed if they are consistent with the manifest weight of the evidence. *Keating*, 155 Ill. App. 3d at 776.

The review of a question of law, however, is independent and not deferential. (*Stephens*, 236 Ill. App. 3d at 161.) The trial court found the Board's decision on these objections to be consistent with the manifest weight of the evidence. These issues, however, present questions of law, not fact, and should have been reviewed *de novo*.

The candidate first argues that the Board erred in allowing the objector to amend her objection. The Board argues that a hearing before it is just like a trial, and in a trial the pleadings may be amended at any time prior to the entry of the judgment. Again, the Board is a creature of statute. (*Kozel*, 126 Ill. 2d at 68; *Maske*, 234 Ill. App. 3d at 510.) It may only allow amendments to the objection where it is authorized by statute to do so. (See *Caldwell*, 167 Ill. App. 3d at 1061; *Pearce Hospital Foundation v. Illinois Public Aid Comm'n* (1958), 15 Ill. 2d 301, 307.) The Code does not authorize amendments to the objection, and therefore the Board's action in so doing is void. See *Stein v. Cook County Officers Electoral Board* (1994), 264 Ill. App. 3d 447.

The record before us indicates that at least five signatures were stricken as a result of the amendment. Had these signatures remained on the petition, the candidate would have had sufficient

signatures to place her name on the ballot. Thus, the Board should not have denied the candidate her rightful place on the ballot, where it incorrectly found her petition to be insufficient by five signatures.

"In the event any court of competent jurisdiction declares an election void, the court may order another election without regard to the schedule of elections set forth in this Article." (10 ILCS 5/2A—1(e) (West 1992).) We declare the April 20, 1993, election of the supervisor of Bloomingdale Township void as a result of the Board's wrongful interference with the candidate's right of access to the ballot. Because our decision on this issue requires reversal of the Board's decision, we do not reach the remaining issues.

We therefore reverse the decision of the trial court and order the Board to cause to be conducted (by the appropriate agency in Du Page County) a special election for the office of township supervisor with plaintiff, Gloria Reyes, and the two candidates previously listed on the ballot for such office in the election of April 20, 1993, in conjunction with the regular election scheduled for November 1994. The winner of this special election shall serve as township supervisor until the next election of the office regularly scheduled in accordance with section 2A—33 of the Code (10 ILCS 5/2A—33 (West 1992)).

Motion to dismiss denied; trial court reversed; special election ordered.

BOWMAN and QUETSCH, JJ., concur.

## SUPPLEMENTAL OPINION UPON AGREED MOTION TO WITHDRAW

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

In an agreed motion to withdraw, Gloria Reyes, by her attorneys, moved this court for modification of the relief granted in the opinion entered on August 19, 1994.

The agreed motion represents, in pertinent part:

"1. That after receipt from this Court of its order of August 19, 1994, the Petitioner-Appellant, Gloria Reyes, executed her Notice of Withdrawal as a candidate for the office of Township Supervisor of Bloomingdale Township ***.

2. That subsequently, the original of the said Notice has been transmitted to the Du Page County Board of Election Commissioners, and a certified copy thereof has been transmitted to the Township Clerk of Bloomingdale Township.

3. That counsel for Petitioner-Appellant has discussed with the

additional counsel for the Bloomingdale Township Officers Electoral Board *** and with the counsel for Respondent-Appellee ***, the transmission of the Notice of Withdrawal and the intention of Petitioner-Appellant not to burden the Township, the Election Commission, or any other candidates thereto, in view of the said notice of withdrawal.

4. That opposing counsel *** have agreed to the withdrawal of Gloria Reyes as a candidate and to the mooting of the order for relief therein such that there will be no need for the special election."

●3 The Court having considered the agreed motion to withdraw, it is ordered that the portion of this Court's opinion entered August 19, 1994, ordering a special election for the office of township supervisor, be and hereby is vacated and no special election need be held.

BOWMAN and QUETSCH, JJ., concur.