ROBERT G. ANDERSON, Petitioner-Appellant, v. McHENRY TOWNSHIP
*et al.*, Respondents-Appellees.

Second District    No. 2—96—1259

Opinion filed June 11, 1997.—Modified on denial of rehearing July 24, 1997.

Joel B. Hurewitz, of Naperville, and Michael J. Walkup, of Walkup &
Good, Ltd., of Palatine, for appellant.

Michael K. Strachan, of Militello, Zanck & Coen, of Crystal Lake, for appellee John C. Heidler.

Gary W. Pack, State's Attorney, of Woodstock (Mary Kay Walter, Assistant State's Attorney, of counsel), for appellee Katherine C. Schultz.

Michael C. Poper, of Michael C. Poper, P.C., of Crystal Lake, for other appellees.

JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Robert G. Anderson, appeals the order of the circuit court that affirmed the decision of respondent McHenry Township Electoral Board (Electoral Board) granting respondent John C. Heidler's objections to petitioner's attempt to place a referendum on the ballot for the November 1996 general election.

Petitioner submitted petitions to dissolve respondent McHenry Township on August 19, 1996. On August 22, 1996, Heidler filed objections to these petitions, essentially alleging that (1) there was no certificate of the principal proponent of the petitions; (2) the circulators' statements were false and in violation of Illinois law; (3) the petitions did not contain the requisite number of signatures; and (4) the dissolution of McHenry Township would harm the residents because there was no statutory mechanism to wind up the affairs of the township.

Respondents Albert Adams, Thomas Birmingham, and Bruce Novak, all of whom were McHenry Township officials, composed the Electoral Board. The Electoral Board held a hearing on the petitions and objections on August 26, 1996. Petitioner attended the meeting, stated that the Electoral Board did not have jurisdiction, and declined to further participate in the hearing. After petitioner left the hearing, Heidler testified before the Electoral Board. The Electoral Board adjourned the meeting, traveled to respondent McHenry County clerk's office, and checked voting cards in order to verify that Heidler's objections to the signatures were valid. Following this, the Electoral Board reconvened the hearing and granted all of Heidler's objections, except the one claiming that the township residents would be harmed by the dissolution.

On September 5, 1996, petitioner filed a petition for judicial review of the Electoral Board's decision and for a writ of *mandamus* to place the referendum on the November 1996 ballot. The trial court affirmed the Electoral Board's decision and denied the writ of *mandamus* on October 22, 1996. Petitioner filed his notice of appeal on October 24, 1996, and filed a motion to place the case on an accelerated docket, which we denied on October 25, 1996.

Petitioner contends on appeal that (1) he was deprived of due process because of the personal pecuniary biases of the members of the Electoral Board; (2) the Electoral Board illegally sampled the unregistered voter cards; and (3) the Electoral Board's conclusions were arbitrary and unsupported by the record.

■ First, we note that "[j]udicial review of the decision of an electoral board is intended to remedy arbitrary or unsupported decisions." *Reyes v. Bloomingdale Township Electoral Board*, 265 Ill. App. 3d 69, 72 (1994). Questions of law are reviewed *de novo*, but questions of fact are reviewed deferentially and factual determinations will be disturbed only if they are against the manifest weight of the evidence. *Reyes*, 265 Ill. App. 3d at 72.

■ Next, respondents assert that this appeal is moot due to the fact that the November 1996 election has passed without petitioner's question making it onto the ballot. We disagree. This matter clearly falls under the public interest exception to the mootness doctrine, in that it presents an important public issue evasive of review and capable of repetition, which, because of the disparate resolutions by electoral boards of similar issues, requires authoritative guidance. See *Reyes*, 265 Ill. App. 3d at 71-72.

Next, we turn to petitioner's contention that he was denied due process at the hearing on the objections to his petition. Petitioner argues that the members of the Electoral Board had a direct, pecuniary interest in the outcome of the hearing. Because of this interest, petitioner contends that an "impartial tribunal" did not consider his petition. *Sindermann v. Civil Service Comm'n*, 275 Ill. App. 3d 917, 923 (1995). We agree.

■ The concept of due process applies to administrative hearings, and the parties are guaranteed the right to a fair and impartial tribunal. *Sindermann*, 275 Ill. App. 3d at 923. "A hearing wherein the adjudicator has a substantial pecuniary interest in the proceedings has been held to be fundamentally unfair and violative of due process." *Ryan v. Landek*, 159 Ill. App. 3d 10, 12 (1987), citing *Ward v. Village of Monroeville*, 409 U.S. 57, 61-62, 34 L. Ed. 2d 267, 271-72, 93 S. Ct. 80, 84 (1972).

■ Here, it is clear that the members of the Electoral Board had a substantial pecuniary interest in the outcome of the hearing on the petition. The members of a township electoral board are the township supervisor, township clerk, and senior trustee. 10 ILCS 5/10—9 (West 1994). The record reveals that in 1993 Adams, the McHenry Township supervisor, received an annual salary of $45,000; Birmingham, the McHenry Township clerk, received an annual salary of $8,000; and trustees received a salary of $100 per meeting. Clearly,

each member of the Electoral Board had a financial interest in the continuation of the township. Petitioner was deprived of due process when he was required to defend his petition before a tribunal holding a pecuniary interest in the outcome of the hearing.

We also note that the Electoral Board was interested in the outcome of the hearing on petitioner's referendum for another reason. Petitioner's referendum represented a challenge to the Electoral Board members' continued employment as township officials. The situation is no different than if petitioner had been running for a township office and his nominating petition were before the Electoral Board. Section 10—9(6) of the Election Code provides:

> "In the event that any member of the appropriate board is a candidate for the office with relation to which the objector's petition is filed, he shall not be eligible to serve on that board and shall not act as a member of the board and his place shall be filled [as provided by this section]." 10 ILCS 5/10—9(6) (West 1994).

Thus, section 10—9 of the Election Code, which is made applicable to the submission of referenda by section 28—4 of the Election Code (10 ILCS 5/28—4 (West 1994)), should have been used to excuse the members of the Electoral Board and to appoint disinterested members to hear the objections, because petitioner's referendum mounted a direct challenge to each member's position and continued employment.

Respondents contend that the Electoral Board members did not have a direct pecuniary interest in the outcome of the hearing but, rather, an indirect pecuniary interest because the board was merely considering whether petitioner's referendum would be placed on the ballot. We do not believe this is a meaningful distinction. Whether "direct" or "indirect," respondents possessed a substantial pecuniary interest in the outcome of the hearing, and this pecuniary interest was inimical to the guarantee of a fair and impartial tribunal. *Ryan*, 159 Ill. App. 3d at 12.

Respondents also contend that, because the salary of each of the township officers could not be increased or decreased during the term for which the officer was elected (Ill. Const. 1970, art. VII, § 9), the Electoral Board members were guaranteed a salary until the expiration of their terms, thereby removing any pecuniary interest they held in the outcome of the hearing. This argument begs the question at issue. Just as one candidate may not pass on the objections to another's candidacy, the Electoral Board members should not have been allowed to pass on the objections to the petition to dissolve the township, as they had an interest in seeing the question excluded from the ballot.

Assuming the referendum passed and the township were dissolved, the township officers would be required immediately to wind up the affairs of the municipality (see 65 ILCS 5/7—6—4 (West 1994)), without regard to the staggering of their terms of office (see 65 ILCS 5/7—6—6 (West 1994)). Moreover, they would no longer be entitled to draw their salaries. See 1972 Ill. Att'y Gen. Op. 215, 218 ("when an office is abolished all rights to that office, including further compensation, cease"). If the township were dissolved, the positions of the township officials would also be dissolved, along with their eligibility for compensation. Accordingly, even though the salaries of the elected township officials may not be changed during their terms of office, this provision does not divest the township officials of the pecuniary interest in the outcome of the hearing on the objections to the petition to place the referendum question on the ballot.

We hold that petitioner was deprived of his right to a fair and impartial tribunal to hear the objections to his petition. In light of our resolution of this issue, we need not pass on petitioner's remaining contentions. Accordingly, we reverse the judgment of the circuit court and remand for a new hearing *de novo* before an electoral board composed of impartial members. We direct the Chief Judge of the circuit court of the 19th Judicial Circuit to appoint replacement members to the Electoral Board pursuant to section 10—9 of the Election Code (10 ILCS 10—9 (West 1994)). If the decision of the newly constituted Electoral Board results in the need for a referendum, the referendum shall be placed on the ballot of the first election thereafter which meets all the relevant statutory requirements of the Election Code.

Reversed and remanded with directions.

GEIGER, P.J., and McLAREN, J., concur.