BLOOMINGTON TOWNSHIP *et al.*, Intervening Plaintiffs-Appellees, v. THE CITY OF BLOOMINGTON *et al.*, Defendants-Appellants (The County of McLean *et al.*, Defendants).

Fourth District   No. 4—98—0790

Opinion filed March 15, 1999.

J. Todd Greenburg, Corporation Counsel, and Russell E. DePew, of De-Pew, Grimes & DePew, both of Bloomington, for appellants.

Bruce Thiemann, of Peoria, and William S. Bach and Joseph W. Dunn, both of Costigan & Wollrab, P.C., of Bloomington, for appellees.

JUSTICE COOK delivered the opinion of the court:

The City of Bloomington annexed land that was located within the adjoining Bloomington Township. Bloomington Township objected to the inclusion of those lands within the Town of the City of Blooming-ton and caused the matter to be put to a referendum, conducted within Bloomington Township on November 8, 1988. The voters chose for those lands to remain in Bloomington Township, rather than be a part of the Town of the City of Bloomington. The lands are now a part of the City of Bloomington, but are not a part of the Town of the City of Bloomington. The effect of this referendum was to terminate the status of the City of Bloomington as "a city that is coterminous with a township" (60 ILCS 1/15—15(a) (West 1996) (formerly Ill. Rev. Stat. 1991, ch. 139, par. 127)). *Nameoki Township v. Granite City Township*, 242 Ill. App. 3d 141, 146-47, 610 N.E.2d 111, 114-15 (1993); *Blooming-ton Township v. City of Bloomington*, No. 4—96—0370 (December 18, 1996) (unpublished order under Supreme Court Rule 23). This termination of status had adverse consequences for the City of Bloom-ington in relation to its rights to automatically annex land into its co-terminous township. *Nameoki*, 242 Ill. App. 3d at 146-47, 610 N.E.2d at 114-15 (discussing section 1 of the Township Annexation Act (Ill. Rev. Stat. 1991, ch. 139, par. 127)). *Town of the City of Bloomington v. Bloomington Township*, 233 Ill. App. 3d 724, 728-29, 599 N.E.2d 62, 65 (1992).

Effective January 1, 1994, the legislature enacted section 20—5 of the Township Code (Code) (60 ILCS 1/20—5 (West 1996)), which provides:

> "When the territory of any city in a county under township orga-nization is composed of 5 or more congressional townships or fractional parts of congressional townships and the legal voters of the city want to organize the territory into one township, upon a petition of a least one-tenth of the legal voters of the city (to be ascertained by the votes cast at the last preceding presidential elec-

tion), the county board of the county shall order submitted to the voters of the city, in accordance with the general election law, at the next general election, the question of consolidation of the territory included in the city into one township. The board shall certify the proposition to the proper election officials, who shall submit the proposition at the general election in accordance with the general election law. The proposition shall be in substantially the following form:

Shall (names or descriptions of congressional townships or part of congressional townships) contained within (name of city) be consolidated into one township?

The votes shall be recorded as 'Yes' or 'No'."

Thereafter petitions were circulated to submit the following question to the voters of the City of Bloomington at the November 3, 1998, general election: "Shall those parts of Bloomington, Normal, Towanda, Dry Grove, Dale and Old Town congressional townships contained within the City of Bloomington be consolidated into one township?"

On June 1, 1998, Bloomington Township, Dale Township, Old Town Township, Dry Grove Township, Normal Township, and Towanda Township filed this declaratory judgment action, seeking to enjoin the Bloomington Election Commission from placing the referendum on the November 3, 1998, ballot. On October 5, 1998, the circuit court ruled that the wording of the proposed referendum was defective because it did not include the Town of the City of Bloomington in either the list of congressional townships or the name of the township to be created by the referendum.

■ The circuit court's decision is clearly erroneous. The form of the referendum is set out in section 20—5 of the Code. The statutory form does not require that the name of the city township be included. Despite the adjacent townships' objections, there is no risk that the referendum, if adopted, would result in consolidating all of the territory affected into a collar township, independent of both the Town of the City of Bloomington and the adjacent townships. It could be argued that the Town of the City of Bloomington had to be listed if it were a "congressional township." It clearly was not. A "congressional township," or survey township, or geographical township, is the familiar form of township referred to in deeds by language such as "Part of the Southeast Quarter of Section 22 in Township 3 South of the Base Line, Range 8 West of the Fourth Principal Meridian, Adams County, Illinois." See 43 U.S.C. § 751 (1994). A congressional township contains 36 sections of land, each of which is one mile square. There are also provisions for adding fractional townships to congressional townships.

The Town of the City of Bloomington is not a congressional township. Bloomington Township, Dale Township, Old Town Township, Dry Grove Township, Normal Township, and Towanda Township are congressional townships.

■ The adjacent townships argue that we should dismiss this appeal because it is moot, that this referendum cannot be placed on the November 3, 1998, ballot, and that we cannot grant any further relief. However, a court may resolve an otherwise moot issue if the question presented is of a public nature, an authoritative resolution of the question is desirable for the purpose of guiding public officers, and the question is likely to recur. *Lucas v. Lakin*, 175 Ill. 2d 166, 170, 676 N.E.2d 637, 639-40 (1997). The legislature has specifically provided that "[i]n the event any court of competent jurisdiction declares an election void, the court may order another election without regard to the schedule of elections set forth in this Article." 10 ILCS 5/2A—1(e) (West 1996). We agree with the City of Bloomington that we should avoid an interpretation that allows objectors to obtain an erroneous ruling from a trial court that prevents the voters from voting on an issue and then prevents review of that ruling because it is impossible to get the case to the reviewing court before the election is held. Wrongful interference with a candidate's right of access to the ballot voids an election (see *Reyes v. Bloomingdale Township Electoral Board*, 265 Ill. App. 3d 69, 72-73, 638 N.E.2d 782, 784 (1994)); the erroneous ruling here was no less effective at blocking that right of access to the ballot for the referendum's proponents. As a result of the ruling, the voters were not accorded the statutorily authorized opportunity to resolve the matter by election.

■ The adjacent townships argue that adopting the position of the City of Bloomington will present a conflict between sections 15—15 and 15—20 of the Code, which allow townships to reject incorporation of lands into a city township by referendum, and section 20—5. 60 ILCS 1/15—15, 15—20, 20—5 (West 1996). The circuit court ruled against the adjacent townships, and we agree. It is not inconsistent to allow township voters to initially prevent inclusion in a city township, but to give city voters the ultimate say on that issue if the conditions for bringing that question to the city voters are met.

We reverse the decision of the circuit court. We remand with directions to allow the City of Bloomington and the Town of the City of Bloomington to place this referendum on the ballot for the municipal election scheduled for April 13, 1999, or the next available election af-

ter April 13, 1999, as the City of Bloomington and the Town of the City of Bloomington shall choose.

Reversed and remanded with directions.

McCULLOUGH and MYERSCOUGH, JJ., concur.